UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Raquel Lindblad, Tyreshia Brantley, as an individual, and on behalf of all others similarly situated, ) ) ) ) ) Plaintiffs, ) ) v. ) ) J&L Services, Inc., Joel Pellici, Jr., Rick Jakall, Carlo Hamade, and McDonald's Corp., ) ) ) ) ) Defendants. ) ) | Civil Action No.: 4:18-cv-01336-RBH-TER **ORDER** |

This matter is before the Court for review of the Report and Recommendation ("R & R") of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.). *See* ECF No. 52. The Magistrate Judge recommends granting in part and denying in part the two pending motions to dismiss.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

No party has filed objections to the R & R, and the time for doing so has expired.[1] In the absence of objections to the R & R, the Court is not required to give any explanation for adopting the

---

[1] Objections were due by February 13, 2019. *See* ECF No. 52.

Magistrate Judge's recommendations. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'" (quoting Fed. R. Civ. P. 72 advisory committee's note)).

Having thoroughly reviewed the record, the Court finds no clear error and therefore **ADOPTS** the Magistrate Judge's R & R [ECF No. 52]. Accordingly, the Court **GRANTS IN PART AND DENIES IN PART** the pending motions to dismiss [ECF Nos. 18 & 37] for the reasons fully explained in the R & R.[2]

**IT IS SO ORDERED.**

Florence, South Carolina  
February 15, 2019

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge

---

[2] Specifically, as to the first motion to dismiss filed by Defendants Carlo Hamade, J&L Services, Inc., Rick Jakall, and Joel Pellici, Jr. (ECF No. 18), the Court (1) denies it as to Plaintiff Lindblad's hostile work environment in violation of Title VII, (2) grants it as to wrongful termination in violation of South Carolina public policy and negligent/reckless supervision and retention, and (3) denies it as to discrimination and hostile work environment in violation of 42 U.S.C. § 1981. *See* R & R at pp. 13, 21.

As to the second motion to dismiss filed by Defendant McDonald's Corp. (ECF No. 37), the Court (1) grants it as to both Plaintiffs' Title VII claims, Plaintiff Lindblad's claim for wrongful termination in violation of South Carolina public policy, and Plaintiff Lindblad's negligent/reckless supervision and retention claims, and (2) denies it as to both Plaintiffs' discrimination, hostile work environment in violation and retaliation in violation of 42 U.S.C. § 1981 claims. *See* R & R at pp. 20–21.